No. 2669.

HUGH OWEN *v.* THE STATE.

OBSTRUCTION OF PUBLIC ROAD—EVIDENCE.—The evidence in this case showing that the road obstructed was not located in accordance with the order of the commissioners court establishing it, and that, therefore, it was not a public road; and that, whether a public or private road, it was obstructed by the accused, not willfully, but with the belief, and with good cause to believe, that he had the legal right to obstruct it, does not support this conviction.

APPEAL from the County Court of Navarro. Tried below before the Hon. J. H. Rice, County Judge.

This conviction was for obstructing a public road, and the penalty assessed was a fine of fifteen dollars.

The opinion summarizes the proof.

*Simkins & Neblett,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WILLSON, JUDGE. At the time the road in question was located over the defendant's land he was a minor, and he did not arrive at the age of maturity until less than two years prior to the time that he obstructed the road by fencing across it. The road was not located on the line designated by the order of the commissioners court. The route designated by said order did not pass over defendant's land, but along its boundary line. In locating the road upon the ground, however, in order, we presume, to shorten the distance, it was placed upon defendant's land, which was at that time uninclosed prairie; but this was with the express understanding at the time that when the owners of said land should desire to enclose it, the road should be changed to the route designated in the order of the commissioners court establishing it.

Defendant desiring to enclose his land, consulted attorneys with regard to his right to do so, informing his attorneys of the facts stated above, and said attorneys advised him that he had the right to enclose his land, and he acted upon this advice, which resulted in this prosecution and conviction.

We are clearly of the opinion that the conviction is wrong for two reasons. First, the evidence shows that the road located over defendant's land was placed there without authority of law, and was not a public road. Second, conceding that it might and should be regarded as a public road, the evidence shows that defendant obstructed it believing, and having good reason to believe, that he had a legal right to do so, and therefore did not *willfully* obstruct it. Because the conviction is, in our opinion, against the evidence and the law, the judgment is reversed and cause remanded.

*Reversed and remanded.*

Opinion delivered November 9, 1887.